Filed 10/7/22  P. v. Diaz CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CARLOS GREGORY DIAZ,<br><br>    Defendant and Appellant. | D080762<br><br><br><br>(Super. Ct. No. INF058714) |

APPEAL from an order of the Superior Court of Riverside County, Samuel Diaz, Jr., Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Carlos Gregory Diaz appeals the order denying his petition under Penal Code section 1172.6 for resentencing on his conviction of voluntary manslaughter.  Appointed counsel has raised no claims of error and invited us to review the record independently for any reversible error.  We have done so, found none, and therefore affirm.

# BACKGROUND

Diaz shot and killed a man during an argument. The People charged him with willful, deliberate, and premeditated murder (Pen. Code, § 187, subd. (a); subsequent section references are to this code) and alleged that in committing the murder he had personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)). The People also charged two one-year enhancements for service of prior prison terms. (Former § 667.5, subd. (b), as amended by Prop. 83, § 9.) A jury found Diaz guilty of murder and found the firearm enhancement allegation true. On Diaz's motion for a new trial, the court reduced the conviction to voluntary manslaughter (§ 192, subd. (a)) and substituted a firearm enhancement that applies to manslaughter (§ 12022.5, subd. (a)). (See § 1181, subd. 6.) The court then sentenced Diaz to prison for an aggregate term of 23 years.

In February 2022, after the Legislature amended the murder statutes to narrow the scope of accomplice liability for felony murder and to eliminate the natural and probable consequences theory of murder liability, Diaz filed a petition for relief under former section 1170.95, which was later renumbered section 1172.6 without substantive change (Stats. 2022, ch. 58, § 10, eff. June 30, 2022). Section 1172.6 authorizes a person who was convicted of manslaughter after having been charged with murder in an accusatory pleading that allowed the prosecution to proceed under a theory of felony murder or natural and probable consequences to petition the sentencing court to vacate the conviction and to resentence the petitioner. (§ 1172.6, subd. (a).) Diaz asked the court to resentence him on the manslaughter conviction and to strike or dismiss the one-year enhancements for service of the prior prison terms. He also asked the court to appoint counsel to represent him on the petition.

2

A deputy district attorney and counsel for Diaz appeared at the hearing on the petition. The deputy district attorney urged the trial court to deny the petition because Diaz was the sole perpetrator of a murder in which he shot the victim, and no instructions on aiding and abetting, natural and probable consequences, or felony murder were given to the jury. Diaz's counsel agreed no such instructions had been given. The court denied the petition.

DISCUSSION

Diaz has appealed the order denying the section 1172.6 petition. (See § 1237, subd. (b) [appeal lies from postjudgment order affecting party's substantial rights].) As noted earlier, his appointed counsel filed a brief raising no claims of error and asking us to review the record independently for reversible error. (See *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*) [appellate court must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues"].) Counsel suggested as a potential issue, "Did the trial court err in finding, based upon counsels' offers, appellant was ineligible for re-sentencing pursuant to Penal Code section 1172.6?" (Italics and some initial capitalization omitted.) (See *Anders v. California* (1967) 386 U.S. 738, 744 (*Anders*) [appointed counsel who raises no claims of error must file a "brief referring to anything in the record that might arguably support the appeal"].) We advised Diaz that he could file a supplemental brief, but he did not.

We have reviewed the entire record, as required by *Anders, supra*, 386 U.S. 738, and *Wende, supra*, 25 Cal.3d 436, and determined that there are no grounds for reversal of the order on appeal. We have also determined that Diaz has received competent representation on appeal.

3

DISPOSITION

The order denying Diaz's petition for resentencing under section 1172.6 is affirmed.


IRION, J.

WE CONCUR:



O'ROURKE, Acting P. J.



BUCHANAN, J.